UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.:

NORA ZOLLER,
     Plaintiff,

vs.

UNITED STATES OF AMERICA,
     Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, NORA ZOLLER ("Plaintiff"), by and through the undersigned counsel, and sues the Defendant, UNITED STATES OF AMERICA ("Defendant"), and, in support thereof, states:

## JURISDICTIONAL ALLEGATIONS

1.     This case is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-80. This Court has jurisdiction over this claim against Defendant for money damages pursuant to 28 U.S.C. § 1346(b)(1).

2.     At all material times hereto, Plaintiff was a citizen and resident of the State of Florida.

3.     At all material times hereto, Naval Hospital Jacksonville ("Naval Hospital") was a military hospital located and operating in Jacksonville, Florida, and was owned and operated by Defendant.

4.     Defendant is a party to this action by virtue of the FTCA, 28 U.S.C. §§ 1346(b) and 2671-80.

5.      At all times material hereto, Dr. Tuan Tran, M.D. ("Dr. Tran") was a Florida licensed physician authorized to and practicing medicine with a specialty in radiology in the State of Florida.

6.      At all times material hereto, Dr. Tran was an employee of Defendant at the Naval Hospital. All of the actions of Dr. Tran as described herein were all performed within the course and scope of his employment with Defendant.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(e) and 1402(b) in that the acts or omissions complained of occurred within this judicial district.

8.      On April 26, 2021, Plaintiff timely filed a Petition for Automatic Extension of the Statute of Limitations pursuant to § 766.104(2), Fla. Stat.

9.      All conditions precedent required for bringing and maintaining this action have been met pursuant to the provisions of 28 U.S.C. § 2675(a) of the FTCA.

10.     This lawsuit has been timely filed in that Plaintiff timely served notice of her claim (Standard Form 95) on the Office of the Judge Advocate General on or about July 8, 2021. Defendant denied Plaintiff's claim by letter dated October 4, 2021.

11.     Plaintiff has also complied with the provisions of § 766.106, Fla. Stat., by serving upon the Naval Hospital and Dr. Tran by certified mail, return receipt requested, a Notice of Intent to Initiate Litigation.

12.     Pursuant to § 766.104, Fla. Stat., the undersigned counsel hereby certifies that a reasonable investigation has been made in connection with this action and that such investigation gives rise to a good-faith belief that grounds exist for the filing of this action against Defendant. Plaintiff's counsel has received a corroborating written opinion from an expert as defined by § 766.102, Fla. Stat., that there exists evidence of medical negligence.

## FACTUAL ALLEGATIONS

13.     At all material times hereto, Plaintiff was a military spouse.

14.     On or about July 10, 2017, Plaintiff presented to the Naval Hospital for a routine mammogram screening.

15.     On that day, Dr. Tran reviewed Plaintiff's mammogram and prepared a written report noting the presence of asymmetry in Plaintiff's right breast.

16.     Unfortunately, neither Dr. Tran nor the Naval Hospital communicated to Plaintiff the results of her mammogram or the need for additional testing.

17.     Because she was not advised of the need to return for additional testing, Plaintiff was unaware of the need for further imaging studies, and she did not return to the Naval Hospital. At no time did Dr. Tran or the Naval Hospital make attempts to follow up with Plaintiff.

18.     Plaintiff did not learn of the asymmetry in her right breast until December 31, 2020, and upon additional diagnostic studies and biopsy, she was diagnosed with breast cancer on January 20, 2021.

## COUNT I
### (Medical Negligence)

19.     Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20.     On or about July 10, 2017, Plaintiff was a patient of Naval Hospital under the medical care and treatment of Dr. Tran and/or physicians, employees, agents, or other personnel of Defendant.

21.     During that time, Naval Hospital, Dr. Tran, and/or physicians, employees, agents, or other personnel of Defendant, owed a duty to Plaintiff to provide that level of care, skill, and

treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

22.     Naval Hospital, Dr. Tran, and/or physicians, employees, agents, or other personnel of Defendant, negligently deviated from the standard of care and breached their duty of care to Plaintiff by, including, without limitation:

a.   Performed incomplete examination and/or assessment of the right breast;

b.   Did not properly interpret and report the mammogram performed;

c.   Did not follow the policies, procedures, protocols, and standards applicable when a mammogram demonstrates breast asymmetry;

d.   Did not communicate to Plaintiff that she required additional imaging studies, including but not limited to, diagnostic mammograms and ultrasound;

e.   Did not recommend biopsy;

f.   Did not comply with the Mammography Quality Standards Act (MQSA) guidelines regarding communication and follow-up of mammography results to Plaintiff and other healthcare providers;

g.   Failed to adequately communicate to referring/requesting physician all important information regarding the presence of asymmetry in Plaintiff's right breast and failed to request an order and/or prescription for additional diagnostic studies and/or biopsies;

h.   Failed to perform or request necessary follow-up diagnostic studies and biopsies;

i.   Failed to provide adequate follow-up care and/or imaging;

j.   Failed to follow, create, and/or utilize a system to ensure prompt notice to patients of their results and need for follow-up care and/or imaging.

23.     As a direct and proximate result of those breaches, there was a significant delay in diagnosis and treatment of Plaintiff's breast cancer, including the need for a mastectomy and reconstructive surgery.

24.     As a further direct and proximate result of those breaches, Plaintiff suffered damages, including, without limitation, pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition. Plaintiff's losses are permanent and/or continuing and she will suffer the losses in the future.

25.     Defendant is vicariously liable for its employees, including but not limited to, Dr. Tran.

WHEREFORE, Plaintiff, NORA ZOLLER, demands judgment against Defendant, UNITED STATES OF AMERICA, for damages, together with costs, pre- and post-judgment interest, and any other relief this Court deems appropriate.

Respectfully submitted on April 1, 2022.

**Warner, Sechrest & Butts, P.A.**

*/s/ D. Marc Warner*
**D. Marc Warner, Esq.**
Florida Bar No.: 0151238
5200 SW 91st Terrace, Suite 101
Gainesville, FL 32608
T: (352) 373-5922
F: (352) 373-5921
Counsel for the Plaintiff, NORA ZOLLER
***Designated Email Addresses:***
marc@fbswlaw.com
kimhart@fbswlaw.com

## CERTIFICATE OF GOOD-FAITH

Plaintiff, by and through undersigned counsel, has complied with all necessary conditions precedent to filing suit, including but not limited to, a reasonable investigation into the care rendered to Plaintiff by Naval Hospital and Dr. Tran; the retention of a duly qualified expert; the review of the records by said expert; the corroboration by said expert to the undersigned that there are reasonable grounds to believe that Naval Hospital and Dr. Tran committed negligent acts which

led to harm to Plaintiff; the forwarding of Notices of Intent to Initiate Litigation to Naval Hospital and Dr. Tran. Thus, Plaintiff's counsel certifies that a good-faith investigation has been made into the merits of the claim asserted herein.

By signing below, the undersigned counsel certifies that he has conducted a good-faith investigation into this matter, which has given rise to a good-faith belief that grounds exist for an action against the above-named Defendant. The undersigned further certifies, to his knowledge, that the expert used in this matter has not been convicted or found guilty of any crime of fraud or perjury, nor any crime whatsoever, and has never had an opinion disqualified in any court of law.

*/s/ D. Marc Warner*

**D. Marc Warner, Esq.**
Florida Bar No.: 0151238